IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN BEACHLER**, | ) | CASE NO. 1:20-cv-140 |
| Plaintiff. | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| **ALL-IN STAFFING, LTD.**, | ) | **JOINT MOTION FOR ORDER** |
| | ) | **APPROVING SETTLEMENT** |
| Defendant. | ) | **AGREEMENT** |

Plaintiff Stephen Beachler and Defendant All-In Staffing, Ltd., by and through counsel, respectfully move this court to approve the Settlement reached by the parties and memorialized in the Settlement and Release Agreement ("Settlement"), attached as Exhibit A. This Settlement seeks to resolve all claims Plaintiff has or could have asserted against Defendant, including any claims under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved through diligent negotiations between the parties' counsel. If approved by the Court, the Settlement will result in a reasonable settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

**Exhibit A:** Settlement and Release Agreement

**Exhibit B:** Declaration of Christopher J. Lalak

**Exhibit C:** Proposed Order Approving Settlement and Dismissing Case with Prejudice

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

**I.     THE ACTION**

On January 21, 2020, Plaintiff filed a putative "Collective Action Complaint" against Defendants asserting a single cause of action: failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (the "Action") (Doc. No. 1). Defendant denies Plaintiff's claims and asserts that Plaintiff, along with any similarly situated individuals, was compensated for all hours worked in accordance with the FLSA. (Lalak Decl. at ¶ 9).

**II.    THE NEGOTIATIONS**

Plaintiff's counsel conducted a thorough investigation into the facts of this Action and the preparation of Plaintiffs' claims against Defendants, including reviewing relevant documents and researching the applicable law and the potential defenses. The parties engaged in informal discovery during the early stages of this matter, and settlement discussions were based on the timesheets and payroll documents relevant to Mr. Beachler's claims.

Upon counsel having the opportunity to review and analyze the relevant documents, settlement negotiations commenced. Although Defendant continue denies any wrongdoing, the parties negotiated in good faith and reached an agreement to resolve Mr. Beachler's claims on an individual basis. The settlement agreement reflects a compromise that fully considers the respective claims and defenses.

**III.   THE SETTLEMENT TERMS**

The Total Settlement Payment of $7,911.05 shall be made as outlined in the Settlement Agreement. If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendant. If approved, the parties have agreed that the Action will be dismissed with prejudice and release Defendant from any and all claims, causes of action, charges, suits, contracts, promises,

or demands of any kind, which Plaintiff may now have, whether known or unknown, intentional or otherwise, from the beginning of time to the effective date of the Agreement.

### IV. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA. As explained below, Court approval is warranted.

#### A. The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under "after scrutinizing the settlement of fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payment to Plaintiff is fair, reasonable, and adequate given that there exists a bona fide dispute between the parties, including whether Plaintiff is entitled to any payments for unpaid wages as well as liquidated damages. As set forth in the Declaration of Christopher J. Lalak, the portion of the settlement allocated to Plaintiff's claims represents a recovery in the amount of 100% of Plaintiff's alleged unpaid overtime and provides a substantial portion of the liquidated damages that Plaintiff would have been awarded if he was successful on the merits through judgment. Plaintiff's request for attorney's fees and costs is also reasonable, and has been incorporated into the settlement agreed upon by the parties. Given these considerations, the settlement proceeds are fair, reasonable and adequate.

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the Proposed Order Approving Settlement and Dismissing Case with Prejudice.

Respectfully Submitted,

| | |
|---|---|
| */s/Christopher J. Lalak* | */s/ Eric M. Allain* |
| Christopher J. Lalak (0090079) | Eric M. Allain (0081832) |
| **NILGES DRAHER LLC** | **Allain Legal, Ltd.** |
| 614 W. Superior Avenue, Suite 1148 | 28906 Lorain Rd., Suite 101 |
| Cleveland, OH 44113 | North Olmsted, OH 44070 |
| Clalak@ohlaborlaw.com | eallain@ealegal.net |
| T: 216-230-2955 | T: 440-249-0932 |
| F: 330-754-1430 | F: 440-540-4538 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant All-In Staffing* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Attorney for Plaintiff*

4